## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HERB PITTS, #R47524,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 06-cv-00555-SMY** |
| | ) | |
| **MENARD CORRECTIONAL CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

The matter is before the Court for consideration of a "Dispute Letter" Plaintiff filed on May 20, 2019 (construed as a motion). (Doc. 16). In the letter, Plaintiff asserts that he knows nothing about this case. There is no explanation of what prompted Plaintiff's filing and it is unclear what relief he is seeking. For the following reasons, Plaintiff's motion/dispute letter will be **DENIED**.

This case was filed on July 14, 2006 under 42 U.S.C. § 1983 for alleged deprivations of Plaintiff's constitutional rights against Defendants Menard Correctional Center and the People of the State of Illinois. (Doc. 1). Plaintiff alleged that officers manhandled him when removing his handcuffs through a slot in his cell door. (Doc. 1, p. 4). The case did not survive preliminary review under 28 U.S.C. § 1915A and was dismissed on June 13, 2007. (Doc. 8). A request to reopen the case (Doc. 10) filed by Plaintiff on November 13, 2017 was denied on December 13, 2017. (Doc. 11). A motion for status (Doc. 12) was filed by Plaintiff on August 20, 2018 and the Court again advised Plaintiff that the case had been dismissed and his motion to reopen had been denied. (Doc. 14). To the extent Plaintiff is asking the Court to reconsider the dismissal of this case, his request is untimely.

1

Technically, a motion to reconsider does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). A Rule 59(e) motion must be filed within 28 days of the date the judgment is entered. FED. R. CIV. P. 59(e). Thus, Plaintiff's motion is untimely under Rule 59(e). Rule 60(b) permits a court to relieve a party from a final order or judgment on a number of bases, but a motion filed under Rule 60(b) must be filed "within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." FED. R. CIV.P 60(c)(1). Here, Plaintiff's motion was filed more than 11 years after the judgment dismissing his case was entered; this is not within a "reasonable time."

Accordingly, to the extent Plaintiff's motion seeks reconsideration of the dismissal in this case, it is untimely under Rules 59(e) and 60(b) and is, therefore, denied. To the extent Plaintiff's motion seeks some other form of relief, he has failed to so advise the Court, and his motion is denied.

**IT IS SO ORDERED.**

**DATED: June 10, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**